ALFRED DICKINSON AND OTHERS, EXECUTORS OF B. H JUDAH, DECEASED, PLAINTIFFS, *v.* ALEXANDER W. DICKEY AND OTHERS, DEFENDANTS.

*Sale of lands in Kings county, by referee instead of sheriff — effect of chapter* 439 *of* 1876.

Where a judgment of foreclosure directs lands, situated in the county of Kings, to be sold by a referee, instead of by the sheriff (as required by chapter 439 of 1876), such direction is a mere irregularity, and a sale by the referee is valid, and passes a good title to the purchaser.

CONTROVERSY submitted upon admitted facts, under section 1279 of the Code of Civil Procedure.

On the sixth day of February, 1877, judgment of foreclosure and sale was made and entered in this action. The plaintiffs and all of the defendants, except the defendant George P. Clark, con-

sented to the appointment of G. M. Stevens as referee to sell the mortgaged premises. The said George P. Clark failed to appear in the action, was not represented by attorney, could not be found, and did not consent or object to such appointment. The sale of the mortgaged premises was made by said referee, and the plaintiffs became the purchasers. As such purchasers and owners, the plaintiffs afterwards agreed to sell said premises (being the same premises described in said decree), and the title was objected to by the party proposing to purchase, upon the ground that the said George P. Clark, a judgment-creditor, one of the defendants hereinbefore mentioned, had failed to consent to the appointment of the referee who made the sale, and that the sale should, therefore, have been made by the sheriff as required by chapter 439 of 1876.

*Dickinson & Goldschmidt*, for the plaintiffs.

*Rolfe & Bergen*, for purchaser.

GILBERT, J.:

The sale by the referee, instead of the sheriff, was in accordance with the judgment. At most, it was a mere irregularity in practice. The parties to the suit might waive it, and that is the test between an irregularity and a nullity. (*Clapp* v. *Graves*, 26 N. Y., 418.) The court had jurisdiction of the parties and of the subject-matter. The judgment, therefore, was valid, even if it was erroneous in directing the sale to be made by a referee. We are of opinion, therefore, that the objection to the title is not a good one.

Judgment accordingly, with costs to the plaintiffs.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment for plaintiff upon submitted case.